### MORITZ v SMITH

Ohio Appeals, 8th Dist, Cuyahoga Co
No. 11,575. Decided June 8, 1931

G. L. Doyle, H. R. Schuler, and Gottfried and Silber, Cleveland, for Moritz.

M. A. Copeland, Cleveland, for Smith.

MAUCK, PJ, and MIDDLETON, J, (4th Dist), and FARR, J, (7th Dist) sitting.

**FARR, J.**

It is held in **Owen v Barrie, 14 Oh Ap 104** that "the holding over beyond the two year period and paying the rent without having given the notice to extend the term will not alone be sufficient to constitute an election to extend the time provided in the option." Therefore, it is apparent that the vital issue here is whether or not under the circumstances of this case Smith, the landlord, may insist upon payment of rentals at $275.00 per month by Moritz, under the claimed election to extend the lease, or the claim of holding over from year to year. It is rather clear that both parties considered the written lease terminated especially when Moritz delivered the key to Smith and Smith took possession of the property. It would be a sort of paradox if Smith could take possession of his own property and still collect the rentals for it from Moritz under the circumstances. Smith indicated by his communication to Moritz that he expected to be reimbursed for any damage or expense incurred in re-renting

the property. In this statement Smith recognized the fact that he was again in possession of the premises and that in order to minimize the damages for Moritz he would endeavor to re-rent the property. This indicates that he was at that time depending upon damages from Moritz for the claimed breach of the contract. Such being the case the measure of damages would be as held in **Baker et al v Huntington, 16 Oh Ap 253:**

"That measure of damages for breach of a contract lease which is broken by the lessee, is the agreed rent, less the amount which the lessor has recovered as rent from other persons to the abandonment by the lessee."

To the same effect it is held in **Muth v Wrubel, 24 C. C. (N.S.) 426.**

Having reached this conclusion in the light of the testimony disclosed by the record it follows that Smith must be relegated to his action for damages if any, and if so then the present action is improperly brought because he has pursued the wrong remedy.

For the reasons given the judgment is reversed and final judgment will be entered for plaintiff in error.

MAUCK, PJ, and MIDDLETON, J, concur.